UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANI HAZIME and
WAFA HAZIME,

          Plaintiffs,

                                          Case No. 25-cv-11521
v.                                     Honorable Linda V. Parker

WILMINGTON SAVINGS FUND
SOCIETY FSB D/B/A CHRISTIANA
TRUST AS TRUSTEE FOR PNPMS
TRUST I; INDYMAC BANK, F.S.B.,[1]
and STATEBRIDGE COMPANY, LLC,

          Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 10) AND DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 11)

This lawsuit arose during the foreclosure of property owned by Plaintiffs

Hani Hazime and Wafa Hazime.  In a First Amended Complaint, Plaintiffs allege

the following claims: (I) quiet title; (II) fraudulent misrepresentation; (III)

intentional infliction of emotional distress; (IV) negligent infliction of emotional

distress; (V) breach of contract; and (VI) violation of the Truth in Lending Act

("TILA").  (ECF No. 9).  Defendants Wilmington Savings Fund Society FSB

---

[1] As Plaintiffs acknowledge in the heading of their pleadings, IndyMac Bank is a
defunct company.  It has neither been served nor appeared in this action, even
through the FDIC as its alleged receiver.

("Wilmington") and Statebridge Company, LLC ("Statebridge") (collectively "Defendants") have moved to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 10.)  Plaintiffs have moved to strike the motion to dismiss, arguing that it was filed without Defendants engaging in a proper conference in accordance with Eastern District of Michigan Local Rule 7.1 and because Plaintiffs informed Defendants of their desire to file a second amended complaint.  (ECF No. 11.)

Plaintiffs filed a brief in response to Defendants' motion to dismiss (ECF No. 14), as well as several untimely supplemental "briefs" and exhibits which they did not first seek permission to file (ECF Nos. 15, 16, 17).  In none of these filings do Plaintiffs indicate that they would have concurred in any of the relief sought if defense counsel had been willing to meet and discuss the basis for seeking dismissal before the motion was filed.  Nor have Plaintiffs to this day moved to file an amended pleading to cure the defects asserted in Defendants' motion.  Under these circumstances, although the local rules require a movant to do more than inform the opposing party of its intent to file a motion and the grounds for the motion before its filing, the Court declines to strike Defendants' motion.

## I.      Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions,

3

however. *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d).  However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.    Factual & Procedural Background

On March 7, 2006, Plaintiffs obtained a $99,000 loan from IndyMac Bank, FSB ("IndyMac").  (ECF No. 9-1 at PageID.281-85.)  The loan was secured by a mortgage to Plaintiffs' real property commonly known as 7536 E. Morrow Circle, Dearborn, Michigan 48126 ("Property").  (*Id*.)  The mortgage was recorded on July 27, 2006, in the Wayne County Register of Deeds.  (*Id*.)

4

On March 7, 2006, IndyMac assigned the mortgage to Wilmington.  (ECF No. 9-1 at PageID.278-79.)  The assignment was recorded in the Wayne County Register of Deeds, but not until February 7, 2024.  (*Id*.)  Statebridge is the servicer of the mortgage, on behalf of Wilmington.  (ECF No. 9 at PageID.259 ¶ 10; ECF No. 9-1 at PageID.360.)

Plaintiffs thereafter defaulted on the loan, resulting in the commencement of foreclosure proceedings.  (ECF No. 3-3 at PageID.85.)  A Sheriff's Sale was scheduled for April 24, 2025.  (*Id.*; ECF No. 3-4 at PageID.87.)  Notice of the sale was published in the Detroit Legal News for four consecutive weeks beginning March 26, 2025.  (ECF No. 3-3 at PageID.85.)  Notice of the sale also was posted at the Property on March 29, 2025.  (ECF No. 3-4 at PageId.87.)

However, on April 24, 2025, Plaintiffs initiated this lawsuit and obtained a temporary restraining order from the state court blocking the Sheriff's Sale.[2]  (ECF No. 1-1 at PageID.27-28.)  After Defendants removed the action to federal court

---

[2] The state court enjoined Defendants from proceeding with the foreclosure sale "until this court specifically orders otherwise" and scheduled a hearing for May 2, 2025, for Defendants to show cause as to why a preliminary injunction should not issue.  (ECF No. 1-1 at PageID.28.)  Defendants did not receive Plaintiffs' Complaint, however, until May 6, 2025, at which time they removed the action to federal court.  (*See* ECF No. 1 at PageID.4.)  It does not appear from the record that the state court issued a preliminary injunction, although it also does not appear that Defendants proceeded with the foreclosure sale.

and filed a motion to dismiss, Plaintiffs filed their Amended Complaint.

Defendants' pending motion to dismiss followed.

## III.   Applicable Law & Analysis

### A.   "Quiet Title"

Plaintiffs allege that Defendants do not have a valid record chain of title

because the assignment of the mortgage from IndyMac to Wilmington was not

recorded until February 27, 2024, and the assignment occurred before Plaintiffs'

three-day right to rescind the loan expired.  In this claim, Plaintiffs are basically

challenging Defendants' ability to foreclose on the mortgage.

To state a claim for quiet title, the plaintiff must allege: "(a) the interest the

plaintiff claims in the premises; (b) the interest the defendant claims in the

premises; and (c) the facts establishing the superiority of the plaintiff's claim."

Mich. Ct. R. 3.411(B)(2).  The plaintiff "has the burden of proof and must make

out a prima facie case of title.  If the plaintiff makes out a prima facie case, the

defendant then has the burden of proving superior right or title in themselves."

*Khadher v. PNC Bank, NA*, 577 F. App'x 470, 478 (6th Cir. 2014) (brackets

removed) (quoting *Beulah Hoagland Appleton Qualified Pers. Residence Tr. v.*

*Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. 1999)).

Plaintiffs fail to establish that their interest in the Property is superior to

Defendants' interest.  This is because the mortgage expressly gave the holder of

the mortgage the unrestricted power to sell the Property and conveyed to Plaintiffs only a contingent future interest in the Property.  Mich. Comp. Laws § 554.13. Plaintiffs have no standing to challenge the validity of the assignment of the mortgage in defense of foreclosure.  *Adelson v. Ocwen Fin. Corp.*, No. 17-1917, 2018 WL 7226966, at *6 (6th Cir. Aug. 20, 2018) (quoting *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010)) ("It is well established that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'").

There are exceptions to this rule where a "matter renders the assignment absolutely invalid or ineffective or void.  *Id.*; *see also DAGS II, LLC v. Huntington Nat'l Bank*, 616 F. App'x 830, 836 (6th Cir. 2015).  Thus, as Plaintiffs indicate in response to Defendants' motion, the Sixth Circuit found an exception where the assignment was determined to have been fraudulent in *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 256 (2014).  However, the exception is inapplicable here.  Plaintiffs do not allege facts suggesting that the mortgage was not assignable, that IndyMac lacked title, that there had been a prior revocation of the assignment, or that the assignment was fraudulent.  Their dispute is only to the delay in its recording.

For these reasons, Plaintiffs' quiet title claim fails.

### B.      Fraudulent Misrepresentation

Plaintiffs allege that Defendants materially misrepresented that Plaintiffs owed no money on the mortgage and did so "to mislead the Plaintiffs for financial gain on the part of the Defendants who were placed in a stronger position as Plaintiffs in good faith paid off the first mortgage[.]"  (ECF No. 9 at PageID.268 ¶ 37.)  Defendants' misrepresentation allegedly occurred on November 13, 2014. (*Id.* at PageID.266 ¶ 29.)  In Michigan, a claim for fraud must be filed within six years of "when the wrong was done."  *See* Mich. Comp. Laws § 600.5813; *Boyle v. Gen. Motors Corp.*, 661 N.W.2d 557, 560 (Mich. 2003).

Defendants' alleged misrepresentation and Plaintiffs' alleged action in reliance on that misrepresentation occurred more than ten years ago.  (*See* ECF No. 9 at PageID.264 ¶ 23.)  This claim is, therefore, time barred.

### C.      IIED & Negligent Infliction of Emotional Distress

Plaintiffs allege that Defendants' conduct in "proceeding with  the noncompliant foreclosure" intentionally and negligently caused them emotional distress.  Defendants argue that the alleged facts do not support these claims and, in any event, these claims, as well as Plaintiffs' fraudulent misrepresentation claim, are barred by the economic loss doctrine.

To state a claim for IIED, Plaintiffs must show: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional

distress." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir. 2010); *see also*

*Graham v. Ford*, 604 N.W.2d 713, 716 (Mich. Ct. App. 1999).  Liability under this

theory requires that the conduct be "so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as

atrocious and utterly intolerable in a civilized community."  *Jones*, 625 F.3d at 948

(quoting *Graham*, 604 N.W.2d at 716).  "Under Michigan law, it is generally the

trial court's duty to determine in the first instance whether a defendant's conduct

[meets this standard]."  *Aureus Holdings Ltd. v. Detroit City*, 303 F. App'x 265,

269 (6th Cir. 2008) (quoting *Lewis v. LeGrow*, 670 N.W.2d 675, 689 (Mich. Ct.

App. 2003)).  Plaintiffs' allegations fail to describe conduct that is extreme or

outrageous.

In Michigan, claims for negligent infliction of emotional distress " 'are

limited to bystander recovery'—i.e., cases in which the plaintiff witnessed an

injury to a third party[.]"  *Courser v. Allard*, 969 F.3d 604, 621 n.5 (6th Cir. 2020)

(quoting *Wargelin v. Sisters of Mercy Health Corp.*, 385 N.W.2d 732, 734-35

(Mich. Ct. App. 1986)).  This "Bystander Recovery Rule" only applies when the

plaintiff is a bystander to the tortious injury to another, not where the plaintiff is a

direct victim of the defendant's alleged negligence.  *Maldonado v. Nat'l Acme Co.*,

73 F.3d 642, 645 (6th Cir. 1996) (citing *Nugent v. Bauermeister*, 489 N.W.2d 148

9

(Mich. Ct. App. 1982); *Gustafson v. Faris*, 241 N.W.2d 208 (1976)). This tort has no applicability here.

Even if Plaintiffs plausibly alleged the elements of these tort claims, these claims, as well as Plaintiffs' fraudulent misrepresentation claim, are barred by the economic loss doctrine. The doctrine precludes a party to a contract from bringing tort claims against another party to the contract that are indistinguishable from breach of contract claims. *See Detroit Edison Co. v. NABCO, Inc.*, 35 F.3d 236, 240-41 (6th Cir. 1994); *DBI Inv., LLC v. Blavin*, 617 F. App'x 374, 381 (6th Cir. 2014) (citing *Ferrett v. Gen. Motors Corp.*, 475 N.W.2d 243, 247 (Mich. 1991)). The plaintiff must demonstrate that the defendant violated a legal duty that is separate and distinct from the defendant's contractual obligations. *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 582 (6th Cir. 2016); *Fultz v. Union-Commerce Assoc.*, 683 N.W.2d 587, 592 (Mich. 2004)).

Plaintiffs assert in response to Defendants' motion that their "pleadings and supporting affidavits clearly demonstrate that damages sought exceed economic damages." (ECF No. 14 at PageID.498.) However, it is not the distinction between the damages sought that matters, but whether the facts show that Defendants had a duty to Plaintiffs distinct from Defendants' contractual obligations. Defendants' duties to Plaintiffs are only contractual.

10

For these reasons, Plaintiffs fail to plead plausible IIED, negligent infliction of emotional distress, or fraudulent misrepresentation claims.

### D.    TILA

Plaintiffs' TILA claim is premised on the assignment, which they challenge because it was executed within the statute's three-day right of recission period and "untimely" recorded.  (ECF No. 9 at PageID.272-73 ¶¶ 62-64.)  In addition to arguing that Plaintiffs' challenges to the assignment are meritless, Defendants maintain that their TILA claim is time barred.

TILA does not preclude an assignment during the three-day rescission period.  *See* 12 C.F.R. § 1026.23(c).  It is aimed at the "creditor's performance" and only sets the following restrictions:

> Unless a consumer waives the right of rescission under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded.

*Id.*  Thus, to the extent based on the timing of the assignment, Plaintiffs' TILA claim fails.  As already discussed, their challenge to the untimely recording of the assignment also fails.

In any event, TILA imposes a one- or three-year limitations period on civil actions, depending on the violation alleged.  15 U.S.C. § 1640(e).  The three-year

11

period applies to provisions of the statute not asserted here.[3]  *See id.*  The

limitations period runs "from the date of the occurrence of the violation."  *Id*.  The

mortgage loan originated on March 7, 2006.  (ECF No. 9-1 at PageID.281.)  The

assignment was recorded on February 7, 2024.  Plaintiffs filed this action on April

24, 2025.  As such, Plaintiffs' TILA claim is time-barred.

### E.      Breach of Contract

Under Michigan law, a breach of contract claim requires evidence "that (1)

there was a contract, (2) the other party breached the contract, and (3) the breach

resulted in damages to the party claiming breach."  *Bank of Am., NA v. First Am.*

*Title Ins. Co.*, 878 N.W.2d 816, 829 (Mich. 2016).  Plaintiffs allege that

Defendants breached the mortgage contract "by failing to follow applicable law

and violating TILA by failing to properly and complete [sic] the assignment as

required by Federal law and by failing to provide accurate information in regard to

the statue of the mortgage loan."  (ECF No. 9 at PageID.272 ¶ 58.)  Defendants

argue that Plaintiffs recite conclusory allegations unsupported by fact, as they refer

to violations of "applicable law" and "TILA" and not the specific terms of the

mortgage loan they claim Defendants breached.  Defendants further argue that

Plaintiffs' claim is flawed because they lack standing to challenge the assignment,

---

[3] 15 U.S.C. § 1635 sets forth the right of rescission.  The three-year limitations
period applies to violations of §§ 1639, 1639b, or 1639c.  *See* 15 U.S.C. § 1640(e).

any claims under TILA are time barred, and any breach of contract claim is time barred.

The Court finds it unnecessary to address any argument but Defendants' first.  This is because, in response to the motion, Plaintiffs still fail to identify any term of the mortgage loan—or any other contract—breached by Defendants.  Thus, their breach of contract claims is subject to dismissal, as well.

## IV.   Conclusion

For the reasons stated, the Court **DENIES** Plaintiffs' motion to strike Defendants' motion to dismiss.  (ECF No. 11.)  The Court **GRANTS** Defendants' motion (ECF No. 10) because it concludes that Plaintiffs fail to plea plausible claims in their Amended Complaint.

**SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 30, 2026

13